# EXHIBIT D

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.  25 MAG 1090
)
See Attachment A )
)
)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Southern____ District of ____New York____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. §§ 1343, 1956(a)(1)(B)(i), and 1957

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____April 16, 2025____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☐ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _____
*USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __4/2/25  3:10 PM__    _____[signature]_____
                                             *Judge's signature*

City and state:  New York, NY             Hon. Barbara Moses, U.S.M.J.
                                          *Printed name and title*

USAO_RINSCH_00043452

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

                                                                                    *Executing officer's signature*

                                                                                      *Printed name and title*

USAO_RINSCH_00043453

Attachment A

I. **Devices Subject to Search**

The devices that are the subject of this search warrant (the "Subject Devices") were all seized by law enforcement officers on or about March 18, 2025, from ▮▮▮▮▮▮▮▮▮▮▮▮ ▮ West Hollywood, CA 90046, and are described as follows:

  a. A black-colored Apple iPhone (the "Black iPhone"). The Black iPhone was seized from the person of CARL RINSCH. Below are photographs of the Black iPhone.

 

  b. A silver-colored Apple iPhone (the "Silver iPhone"). The Silver iPhone was seized from a counter in the kitchen area of the Apartment. Below are photographs of the Silver iPhone.

 

  c. A silver-colored MacBook Pro laptop (the "Silver MacBook") with serial number ▮▮▮▮▮▮▮▮▮▮. The Silver MacBook was seized from a couch in the living-room area of the Apartment. Below is a photograph of the Silver MacBook.



03.13.2025

    d.    A MacBook laptop in a black-colored case (the "Black MacBook"). The Black MacBook was seized from a couch in the living-room area of the Apartment. Below is a photograph of the Black MacBook.



    e.    A silver-colored SanDisk SSD hard drive, with approximately 4 terabytes of storage space ("Hard Drive-1"). Hard Drive-1 was seized from a table in the kitchen area of the Apartment. Below is a photograph of Hard Drive-1; in the photograph, Hard Drive-1 is partially covered by what appears to be a user manual for the drive.



    f.    A LACIE hard drive with an orange-colored rubber bumper guard ("Hard Drive-2"). Hard Drive-2 was seized from a table in the kitchen area of the Apartment. Below is a photograph of Hard Drive-2.



2

03.13.2025

USAO_RINSCH_00043455

   g. A U3 Smart Thumb-Drive, with approximately 2 gigabytes of storage space ("Hard Drive-3"). Hard Drive-3 was seized from a black backpack that was found in the kitchen area of the Apartment. Below is a photograph of Hard Drive-3.



## II. Review of ESI on the Subject Devices

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, outside technical experts under government control, and software tools) are authorized to review the electronically stored information ("ESI") contained on the Subject Devices for information identified in Section III, below. In conducting this review, law enforcement personnel may use various techniques to locate data responsive to the warrant, including, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing keyword searches through all electronic storage areas to determine the existence and location of data potentially related to the subject matter of the investigation

- using document review programs, including machine learning enabled software; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Section III of this Attachment. However, law enforcement personnel are authorized to conduct a complete

03.13.2025

USAO_RINSCH_00043456

review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant; and law enforcement personnel may make copies of the Subject Device, and data stored within, to effectuate their review.

### III. Data to Be Seized

The data to be seized from the Subject Devices consist of the following evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering), and 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from specified unlawful activity) (the "Subject Offenses"), described as follows:

1. Evidence concerning Carl Rinsch's communications, representations, and omissions with respect to his contractual relationship with Netflix regarding White Horse, including communications sent over text message and email;

2. Evidence concerning the negotiation and execution of Carl Rinsch's agreements with Netflix, including but not limited to the November 2018 term sheet and the March 2020 amendment;

3. Evidence of any work or lack of work performed on White Horse, including but not limited to audio or video footage; photography; sketches or drawings; costumes; props; storyboarding; or records of payments to actors, artists, and crew members;

4. Evidence concerning Carl Rinsch's misuse of funds received from Netflix in or about March 2020, including but not limited to information regarding Rinsch's registration for and use of online brokerage and cryptocurrency platforms during and around the time of the Subject Offenses;

5. Evidence concerning fraudulent purchases Carl Rinsch made with the money received from Netflix in or about March 2020, including but not limited to invoices, receipts, records, and correspondence with various vendors;

6. Evidence of efforts to conceal the commission of the Subject Offenses and evade detection by law enforcement and/or regulatory agencies following in or about March 2020;

7. Evidence of the receipt, transfer, disposition, or location of funds raised through the commission of the Subject Offenses;

8. The location of other evidence relating to the commission of the Subject Offenses, including information about other devices or online accounts containing evidence of the scheme; and

9. Any files or records needed to access the data stored on the Subject Devices not limited to any login credentials, passwords, private encryption keys, or similar information.

10. Any files or records that may facilitate a forensic examination of the Subject Devices, including any hardware or software manuals or other information concerning the configuration of the Subject Devices or files and folders stored within the Subject Devices.