UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

CARL ERIK RINSCH,

           Defendants.

25 Cr. 85 (JSR)

**DEFENSE PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

## INTRODUCTION

Carl Erik Rinsch, by and through his attorneys, requests that the Court include the following introduction prior to its general *voir dire* of the jurors and that, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court, in addition to its customary *voir dire* questions, include the attached questions so that the defense may effectively exercise its challenges for cause and its peremptory challenges.

The defendants further request that the Court conduct more detailed questioning at sidebar or in the robing room should further inquiry of a prospective juror be appropriate. If such further questioning is needed, the defendant respectfully requests that the Court inquire whether the fact or circumstance raised would influence the prospective juror in favor of or against the defendant.

## I. PRELIMINARY JURY INSTRUCTION

At the outset of this trial, it may be helpful to briefly summarize the crimes alleged in this criminal case. These are just charges and are not themselves evidence of anything. Likewise, nothing I am about to say is evidence: it is just a summary of the charges to give you a legal framework as you listen to the evidence. Under our system of law, a defendant is presumed innocent and can only be convicted of any given charge if the government proves every essential element of that charge beyond a reasonable doubt.

The defendant here, Carl Erik Rinsch, is charged with separate crimes or "counts." They are as follows:

**Count One** charges the defendant with Wire Fraud.

**Count Two** charges the defendant with committing Money Laundering.

**Counts Three, Four, Five, Six and Seven** charge the defendant with Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity.

At the end of the trial, I will give you more detailed instructions about each of the charges. Meanwhile, however, please keep in mind that the defendant has plead not guilty to each of these charges and that he is presumed innocent of these charges unless and until the government proves the defendant you are considering guilty of a given charge beyond a reasonable doubt.

II.     **LIST OF NAMES AND PLACES LIKELY TO BE MENTIONED AT TRIAL**

[TO BE SUPPLIED BY THE PARTIES]

III.     **KNOWLEDGE OF THE TRIAL PARTICIPANTS**

1.     The defendant in this case Carl Erik Rinsch. [Please ask the defendant to rise.]

Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

2.     To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

3.     Mr. Rinsch is represented here today by Daniel McGuinness and Benjamin Zeman. Do any of you know Mr. McGuinness or Mr. Zeman? [Please ask counsel to stand.]

4.     The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Jay Clayton. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Timothy Capozzi, David Markewitz, and Adam Sowlati. [Please ask the Assistants to stand.]

Do any of you know any of the prosecutors? Have you or your family members or close friends had any dealings either directly or indirectly with them?

5.     The prosecutors will also be assisted in this case by Special Agent [name] of the [agency] and [government's paralegal], a paralegal specialist with the U.S. Attorney's Office.

2

[Please ask agent and paralegal to stand.]

Have you or your family members or close friends had any dealings either directly or indirectly with Special Agent or [government's paralegal]?

6. Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?

7. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case: [a list of individuals and locations will be supplied by the parties].

Do any of you know any of these people?

Have you or your family members or your close friends had any dealings either directly or indirectly with any of these individuals?

IV. **RELATIONSHIP WITH GOVERNMENT**

8. Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York? The Department of Justice? The New York City Police Department ("NYPD")? Is any member of your family, any associate or close friend, employed by any law enforcement agency, whether federal, state or local?

9. Have you, or has any member of your family, any associate or close friend, ever been employed by any other government agency, whether federal, state or local?

10. Have you or any member of your family or close friend ever applied for a position in the United States Attorney's Office, the District Attorney's Office, United States Secret Service, the Federal Bureau of Investigation, the Department of Homeland Security, U.S. Immigration and Customs Enforcement, the New York City Police Department, the Drug Enforcement Administration

3

or any other law enforcement agency?

### V. PRIOR JURY SERVICE

11. Have you ever served as a member of a grand jury, whether in federal, state, county, or city court?

    If so, when and where did you serve?

12. Have you ever served as a juror in any court?

    a. If so, when and in what court did you serve, and was it a civil or criminal case?

    b. What was the nature of the case?

    c. Did you participate in deliberations?

    d. Without saying what it was, did the jury reach a verdict?

### VI. PUBLICITY

13. Have you read, seen or heard anything about this case?

    a. If so, what have you seen, read or heard about this case, the circumstances surrounding it and where you received this information?

    b. When you learned about this case, what was your reaction?

    c. As a result of the information that you have seen, read or heard, have you formed any opinions about this case?

    d. Have you discussed these incidents or heard anyone else talk about these incidents?

        i. If so, have you formed any opinion about guilt or innocence?

### VII. EXPERIENCE AS A WITNESS, LITIGANT, DEFENDANT, OR CRIME VICTIM

14. Have you, or any of your relatives or close friends, ever been questioned or

subpoenaed in any matter by the New York City Police Department, the Department of Justice or any United States investigative agency such as the Federal Bureau of Investigation, United States Secret Service, the Drug Enforcement Administration, U.S. Immigration and Customs Enforcement, the Department of Homeland Security, the Internal Revenue Service, the Bureau of Alcohol, Tobacco and Firearms or any other law enforcement agency?

15. Are you or is anyone close to you, including family or friends, now under subpoena or about to be subpoenaed in any criminal case?

16. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee or governmental agency?

17. Have you ever been a witness or a complainant in any federal or state prosecution? What was the nature of that prosecution? Did you testify in any proceeding?

18. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? [The defendant respectfully requests that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in the robing room.]

    a. What crime?

    b. How was the case resolved?

19. Have you had any experiences with, or do you have any views regarding, attorneys who defend people accused of crimes that would make it difficult for you to be a juror in this case?

## VIII. ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT

20. During the trial, you will hear evidence concerning huge multi-national media companies. Does the fact that the charges involve multi-national media companies affect your

5

ability to render a fair verdict?

### IX. OTHER QUESTIONS

21. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all the evidence at this trial?

22. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all the evidence at this trial or otherwise interfere with your ability to serve as a juror in this case? [The defendant respectfully requests that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

23. Do any of you have any difficulty reading or understanding English?

24. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a verdict in this criminal case?

### X. FUNCTION OF THE COURT AND JURY

25. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. Is there anyone who would have difficulty abiding by the instructions I will provide you?

26. At the conclusion of the case, your job will be to determine whether the defendant is guilty of the crimes charged in the Indictment. Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give the jury in this case?

27. In the United States, a criminal defendant is presumed innocent unless and until the government proves the defendant's guilt beyond a reasonable doubt. That burden never shifts to the defendant. The presumption of innocence remains with the defendant throughout this trial, and the defendant cannot be convicted unless and until the jury, unanimously and based solely on the evidence presented in court, finds that the government has met its burden beyond a reasonable doubt. I will explain what reasonable doubt means in more detail during my instructions to you at the conclusion of this trial, but is there anyone who would have difficulty following my instruction that the defendants are presumed innocent?

28. As each of you sit here now, without having heard a word of testimony, do you in fact presume that the defendant is innocent of the charged offense?

29. Does any juror have any feeling that the defendant would not have been charged unless he had done something wrong?

30. Do you also understand that under the law the defendant has no obligation to prove or disprove any fact, or to prove anything whatsoever?

31. Our law provides that a defendant is not required to call any witnesses, produce any evidence, or take the stand to testify in his own defense. If the defendant exercises his right not to testify, you may draw no unfavorable inferences of any kind from the fact that he has not testified. In other words, you cannot hold it against the defendant. Is there anyone who would have difficulty accepting this principle?

32. At the conclusion of the trial, I will be instructing you that if you find that the government has not met its burden of proof beyond a reasonable doubt, it is your duty to find the defendant not guilty of the crimes charged in the Indictment. Is there any juror who feels that he or she might not be able to render a not guilty verdict if the evidence fails to establish the

defendant's guilt beyond a reasonable doubt?

## XI. OTHER BIASES

33. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

## XII. SPECIFIC QUESTIONS - JUROR'S BACKGROUND

34. The defendants respectfully request that the Court ask each juror to state the following information:

    a. the juror's age;

    b. whether the juror is married or lives with someone else; if yes, with whom?

    c. The number of children, if any; their ages; if employed, please describe. the neighborhood in which the juror resides;

    d. the juror's educational background, including the highest degree obtained;

    e. whether the juror has had any legal training or paralegal training, and where he or she received such training;

    f. the juror's occupation;

    g. whether the juror is a lawyer:

        i. the nature of the juror's practice and for approximately how long has the juror been a lawyer;

        ii. whether the juror ever worked as a criminal defense lawyer or prosecutor;

        iii. in which states / courts is the juror admitted to practice;

8

h. the juror's spouse's or partner's occupation, if applicable (if the juror's spouse or partner is a lawyer, we respectfully requests that the Court ask the same three additional questions listed above);

i. the name and location of the juror's employer, and the period of employment with that employer; describe responsibilities.

j. the same information with respect to the juror's spouse or partner and any working children;

k. what newspapers and magazines the juror reads and how often;

l. what television programs the juror regularly watches;

m. what streaming services the jurors subscribes to;

n. what radio programs the juror listens to and how often;

o. whether the juror listens to political commentators on television or radio and what political websites or blogs the juror visits, if any;

p. what online news sources the juror reads and how often;

q. what social media platforms the juror uses and how often;

r. the top three people, brands, or businesses the juror follows on social media.

s. the juror's hobbies and leisure time activities;

t. any civic, social, union, professional, fraternal, political, recreation, or religious organizations of which the juror is a member, and level of involvement;

u. what charities or non-profit organizations the juror supports; and

v. whether the juror – or any member of the juror's household, family, or friends – has had any significant experiences involving any law enforcement agency.

9

## XIII. REQUESTED INSTRUCTION FOLLOWING IMPANELING OF THE JURY

35. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions with your fellow jurors, even with members of your own family, and your friends.

36. If at any time during this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in this case are under strict instructions from me not to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly and following my instructions by doing so.

Dated: New York, New York
       December 1, 2025

                                    Respectfully submitted,

       Benjamin Zeman
       Daniel McGuinness
       *Attorneys for Carl Erik Rinsch*


TO:    JAY CLAYTON, ESQ.
       United States Attorney
       Southern District of New York

Attn:  Timothy Capozzi, Esq.
       David Markewitz, Esq.
       Adam Sowlati, Esq.
       Assistant United States Attorneys