UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

      - v. -

CARL ERIK RINSCH,

                Defendant.

------------------------------------- x

:
:
:   PRELIMINARY ORDER OF
:   FORFEITURE AS TO SPECIFIC
:   PROPERTY/
:   MONEY JUDGMENT
:
:   25 Cr. 085 (JSR)
:

WHEREAS, on or about March 4, 2025, CARL ERIK RINSCH (the "Defendant"), was charged in a seven-count Indictment, 25 Cr. 085 (JSR), (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Two); and engaging in a monetary transaction in property derived from specified unlawful activity, in violation of Title 18, United States Code, Sections 1957 and 2, (Counts Three through Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Two through Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18 United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Two through Seven of the Indictment, or any property traceable to

such property, including but not limited to a sum of money in United States currency, representing the amount of property involved in the offenses charged in Counts Two through Seven of the Indictment;

WHEREAS, on or about December 11, 2025, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment;

WHEREAS, the Government asserts that $11,000,000 in United States currency represents (i) the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained; and/or (ii) property involved in the offenses charged in Counts Two through Seven of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $11,000,000 in United States currency, representing (i) the amount of proceeds traceable to the offenses charged in Count One of the Indictment that the Defendant personally obtained; and/or (ii) the property involved in the offenses charged in Counts Two through Seven of the Indictment;

WHEREAS, the Government further asserts that the following property constitutes proceeds traceable to the offense charged in Count One of the Indictment and/or property involved in the offenses charged in Counts Two through Seven of the Indictment:

a. All items purchased from Frette on or about October 2, 2021, as part of order # 200404730. Those items are as follows:

  i. Four (4) luxury sparkling swirl decorative pillows

  ii. Nine (9) hotel classic euro shams

  iii. Two (2) embrace blankets

  iv. Three (3) Triplo shawl collar bathrobes

  v. Five (5) embroidered bath towels

  vi. Six (6) plush washcloths

    vii.   Nine (9) hotel classic washcloths

    viii.  Six (6) hotel classic guest towels

    ix.   Eight (8) embroidered hand towels

    x.    Nine (9) Triplo bourdon bath towels

    xi.   Five (5) broidered bath sheets

    xii.   Four (4) luca down alternative pillow filler

    xiii.  Five (5) plush bathmats

    xiv.  Five (5) ultimate shams

    xv.   Two (2) cotton sateen 1000 thread count fitted bottom sheets

    xvi.  Four (4) luxury glowing weave shams

    xvii.  Two (2) basket weave embroidered bathmats

    xviii. Three (3) single ajour duvet covers

    xix.  One (1) ribbons duvet cover

    xx.   Three (3) cashmere & suede throws

b.  All items purchased from Sferra on or about October 2, 2021, as part of order # 187321. Those items are as follows:

    i.    Two (2) king size Parson quilts

    ii.   Two (2) king size Parson pillows

    iii.  Two (2) king size utopia pillows

    iv.  One (1) king size utopia duvet, light

    v.   One (1) king size utopia duvet, medium

    vi.  One (1) king size Sferra Giza 45 quatrefoil duvet cover

    vii.  Three (3) king size Sferra Giza 45 quatrefoil shams

    viii. Two (2) king size Giza 45 quatrefoil pillowcases

    ix.   Two (2) king size Giza 45 quatrefoil flat sheets

    x.   Two (2) California king size Giza 45 sateen fitted sheets

    xi.  One (1) king size Giza 45 seta duvet cover

    xii.  Two (2) king size Giza 45 seta shams

    xiii. Four (4) king size Giza 45 seta pillowcases

    xiv. Two (2) king size Giza 45 seta flat sheets

    xv.  One (1) California king size Giza 45 seta fitted sheet

    xvi. One (1) king size Giza 45 luxe fitted sheet

    xvii. Two (2) king size Giza 45 severina flat sheets

    xviii. Four (4) 120" Giza 45 medallion fabric

    xix. Two (2) king size Giza 45 medallion flat sheets

    xx.  Three (3) king size Giza 45 medallion shams

    xxi. Three (3) king size Giza 45 medallion duvet covers

    xxii. Four (4) pairs of king size Giza 45 severina pillowcases

  c.  One (1) Hastens Grand Vividus mattress purchased from Damon Capital LLC pursuant to a September 12, 2021 quote numbered 19502

  d.  One (1) Hastens Grand Vividus mattress purchased from Damon Capital LLC pursuant to a October 22, 2021 quote numbered 19525

(a. through d., collectively the "Specific Property");

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, as property constituting proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained and/or property involved in the offenses charged in Counts Two through Seven of the Indictment;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and property involved in offenses charged in Counts Two through

Seven of the Indictment, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Counts One through Seven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $11,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and property involved in the offenses charged in Counts Two through Seven of the Indictment, shall be entered against the Defendant.

2.      As a result of the offense charged in Counts One through Seven of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, CARL ERIK RINSCH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property,

(ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

6/29/26
DATE