## LAW OFFICES OF
# DANIEL A. MCGUINNESS, P.C.

353 LEXINGTON AVE., SUITE 900, NEW YORK, NY 10016
TEL: (646) 360-0436 · FAX (888) 679-0585 · DAN@LEGALMCG.COM

July 16, 2026

**VIA ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Carl Erik Rinsch</u>, 25-cr-85(JSR)

Dear Judge Rakoff:

I represent Carl Erik Rinsch in the above-captioned matter. I am writing to respond to Netflix's letter amending their request for restitution. For the reasons stated below, Netflix's continued attempts to collect over half a million dollars in attorneys' fees as restitution is not supported by their documentation and should be denied or drastically reduced.

Initially, it should be noted that the under the CJA plan the presumptive cap for representation of an indigent witness requiring representation is $3,000. Counsel for Netflix states that it represented five Netflix employees in interviews and witness preparation through this case. *See* June 12, 2026 Netflix Victim Impact Statement at 7. The CJA presumptive cap for these representation would be $15,000. Netflix's bill of over $500,000 is *more than 33 times* the CJA presumptive cap. While law firms are free to bill whatever they wish, and large corporations are free to pay whatever they wish, it is an injustice for indigent clients to bear those exorbitant costs.

In its response, Netflix notes the defenses objections and claims it has omitted the items in the objectionable categories. It has not. Many items in those categories remain. For example, Netflix states that it removed entries of correspondences with Rinsch's counsel, but instances listing communications with

Hon. Jed S. Rakoff
July 16, 2026
Page 2 of 4

A. Werner (Rinsch's prior attorney) remain. *See* Ex. 2B[1] at 55 (6/9/2025 ANE), 56 (6/26/2025 ANE), 57(6/27/2025 ANE), 64 (7/14/2025 ANE). Moreover, Netflix's counsel still charges Rinsch for their responses to his emails and the multiple "conferences" it took to formulate their response. *See* Ex. 2B at 91 (10/10/2025 MVS), 91 (10/11/2025 MVS), 91 (10/13/2025 MVS), 91 (10/15/2025 ANE), 92 (10/17/2025 MVS). These time expenditures were not at the behest of the government and thus are plainly not recoverable under Second Circuit law. *See United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014); *United States v. Sow*, No. 23-CR-593(VEC); 2025 U.S. Dist. LEXIS 195705, at *12 (S.D.N.Y. Oct. 2, 2025; *United States v. Rankin*, No. 18-CR-272(JAM), 2023 U.S. Dist. LEXIS 201417, at *11 (D. Ct. Nov. 9, 2023); *United States v. Medghyne Calonge*, No. 20-cr-523(GHW), 2022 U.S. Dist. LEXIS 98301, at *17-18, 31 (S.D.N.Y. Jun. 1, 2022); *United States v. Avenatti*, 19 Cr. 373 (PGG), 2022WL 452385, at *22-23 (S.D.N.Y. Feb. 14, 2022), *aff'd*, 81 F.4th 171 (2d Cir. 2023); *United States v. Napout*, No. 15-CR-252(PKC), 2018 U.S. Dist. LEXIS 198206, at *5 (E.D.N.Y. Nov. 20, 2018).

Additionally, the time spent creating internal case memorandums and timelines by Netflix counsel as well as their internal correspondence should not be compensated under the MVRA. *See e.g.* Ex. 2B 90 (10/3/2025 ANE) (including in a blockbilled entry for $3,037.50 "Meeting with [co-counsel for Netflix] and review documents and timeline"); 92 (10/22/25 ANE) ("Correspond with [co-counsel for Netflix] concerning case strategy."); 92 (10/24/2025 ANE); 93 (10/31/2025 ANE).

The lightly modified billing records also still include substantial time spent on case tracking. This includes thousands of dollars billed for unnecessarily sending an attorney across the country to attend Rinsch's arraignment. *See* Ex. 2B at 43, (4/3/2025 ANE), 44 (listing travel expenses of attending arraignment totaling $2,083.10). It also includes case tracking to keep Netflix appraised of motion practice. *See e.g.* Ex. 2B at 71 (8/21/2025 ANE) (listing in a $3,847.50 blockbilled entry "review pretrial motions and summarize highlights"); 80 (9/16/2025 MVS); 80-81 (9/17/2025 ANE); 90 (10/1/2025 ANE); 93 (10/30/2025 ANE) (including in a blockbilled entry "review court order on pretrial motions"). Netflix's counsel even seeks to be refunded for "reviewing press" after the trial. *See* Ex. 2B at 120 (12/11/2025 ANE) (charging for blockbilled entry that includes "review press").

Netflix also seeks to be recouped for the presence of two lawyers watching each of their witnesses testify. *See* Ex. 2B 118 (12/2/2025 ANE) (blockbilling $6,817.50 for *inter alia* attending trial day 1), 118 (12/2/2025 MVS) (billing $5,400 to attend same day of trial); *see also e.g.* 119 (12/3/2025 ANE), 119 (12/3/2025 MVS), 119 (12/4/2025 ANE), 119 (12/4/2025 MVS), 119 (12/5/2025 ANE), 119 (12/5/2025

---

[1] Citations to time entries refer to the exhibits to Netflix's Victim Impact Statements. Exhibits 1 and 2 were appended to their June 12, 2026 letter and Exhibits 2B and 3 to their July 9, 2026 letter. The references are to page number with date of entry and timekeeper initials in paratheses.

Hon. Jed S. Rakoff
July 16, 2026
Page 3 of 4

MVS). Witnesses for Netflix completed their testimony on the fourth day of trial, Friday December 5, 2025, but counsel for Netflix chose to stay to observe the remainder of trial. While Netflix may have found it useful to gain their firsthand reports of the trial, their presence was not requested or in furtherance of their witnesses' testimony. Still, they bill Rinsch many thousands of dollars per day for their attorneys' presence. *See Id.* at 120 (billing for trial attendance and client updates for remainder of trial). Their billing for the remainder of the trial and related expenses are not compensable under Second Circuit law interpreting the MVRA. Neither are the thousands of dollars for the related expenses, including hotel rooms (*id.* at 120), unexplained airline charges (*id.* at 122) or limousine rides (*id.* at 123).

Netflix has also not removed the considerable amounts expended on litigating against the Grand Jury subpoena to protect their own corporate image. As noted in the Defense's Reply, "a corporation acting out of self-preservation cannot turn around and have its costs reimbursed through restitution." ECF No. 93 at 10-11 (citing *United States v. Avenatti*, 2022WL 452385, at *10). Netflix failed to address this argument or alter their billing records accordingly. Instead, it pushes these tens of thousands of dollars in billing records to the Court to figure out.

The Court is well within its statutory power to finalize a restitution order that does not grant Netflix attorneys' fees due to its failure to properly delineate compensable from non-compensable fees. *See United States v. Cassidy*, 569 F. App'x 30, 31 (2d Cir. 2014) ("[I]t lies within the sound discretion of the district court to decide whether the factual issues underlying a restitution order are so complex as to unduly burden the sentencing process.") (citation omitted); *United States v. Cuti*, 766 F.3d at 199, 212 (2d Cir. 2014) ("On remand, the district court is free to exercise its discretion as to whether determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.") (internal quotation marks omitted)). *United States v. Reifler*, 446 F.3d 65, 136 (2d Cir. 2006) ("Congress plainly intended that sentencing courts not become embroiled in intricate issues of proof, as it provided that the MVRA is to be inapplicable if the court finds that the determination of complex factual issues related to the cause or amount of the victims' losses would unduly burden the sentencing process."); *United States v. Hatfield*, No. 06-CR-550(JS)(AKT), 2015 U.S. Dist. LEXIS 190029, at *40-41 (E.D.N.Y. Mar. 27, 2015) (holding that "while it may be that some of the expenses incurred… are recoverable under the MVRA… justice is better served" by finalizing the restitution order "without otherwise burdening the sentencing process with a further evidentiary hearing.")

Hon. Jed S. Rakoff
July 16, 2026
Page 4 of 4

If the Court is inclined to grant Netflix attorneys' fees as part of the restitution order, a substantial reduction should be applied to the fee application for the reasons stated above.

I thank the Court for its continued attention to this matter.

Respectfully submitted,

Daniel McGuinness

Cc: All counsel (via ECF)